George **CHOPIVSKY, Jr.,** Appellee,

v.

**HEALTHCARE SERVICES OF AMERICA, INC., and Great Plains Hospital, Inc.,** Appellants.

**No. 88–1333.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Oct. 25, 1988.

David Wawro, New York City, for appellants.

Lee Calligaro, Washington, D.C., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and ROSS, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Healthcare Services of America, Inc. appeals from a judgment of the district court ordering that it pay George Chopivsky, Jr. the sum of $166,509.38, pursuant to the terms of a settlement agreement entered into between them. The settlement agreement provided that a letter of credit "reasonably acceptable to Chopivsky" was to be posted, triggering the time within which Chopivsky could purchase the shares of Healthcare stock.

The central dispute in this case is the determination of when the letter of credit was posted by Healthcare with Chopivsky. The letter of credit was delivered on September 19, 1986. Chopivsky raised questions about it, and finally Healthcare arranged for Bank of America, the issuer of the certificate, to issue a clarification of the assignability and transferability of the letter of credit.

The district court found that the letter of credit was not posted until the clarification was made by Bank of America on October 6, 1986. The time limit on Chopivsky's right to purchase stock, and ultimately to call upon Healthcare for payment of the $166,509.38, therefore did not begin running until that day.

Healthcare makes a number of arguments for reversal, generally revolving around its position that the district court had erroneously applied a subjective standard in deciding whether the letter of credit was reasonably acceptable to Chopivsky.

We reject all of these arguments. The judgment of the district court is affirmed.[1] *See* 8th Cir.R. 14.

The cause is remanded to the district court for consideration as to whether or not this appeal is frivolous and whether sanctions should be imposed upon Healthcare.

---

1. The Honorable Joseph S. Stevens, Jr., United States District Judge for the Eastern and Western Districts of Missouri.